787 F.2d 1235
 RED LAKE BAND OF CHIPPEWA INDIANS, RED LAKE, MINNESOTA, and
Roger A. Jourdain, Chairman, Red Lake, Minnesota, Appellees,
v.
Earl J. BARLOW, Area Director, Minneapolis Area Office, and
Rex Mayotte, Superintendent, Red Lake Agency,
Bureau of Indian Affairs, United States
Department of Interior, Appellants.
 No. 85-5272.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 10, 1986.
Decided March 31, 1986.
 
 Edward J. Shawaker, of the Dept. of Justice, Washington, D.C., for appellants.
 Rodney E. Edwards of Duluth, Minn., for appellees.
 Before HEANEY and FAGG, Circuit Judges, and WOODS,* District Judge.
 PER CURIAM.
 
 
 1
 The Bureau of Indian Affairs appeals the district court's May 30, 1985, order requiring it to transfer funds from accounts set up for the operation of the Red Lake Sawmill to the Red Lake Indians' general trust account. We reverse and remand.
 
 
 2
 I. BACKGROUND.
 
 
 3
 In 1916, Congress created a forest reserve within the boundaries of the Red Lake Indian Reservation, Act of May 18, 1916, ch. 125, 39 Stat. 123, 137. The reserve was to be administered by the Secretary of Interior "in accordance with the principles of scientific forestry." The Act authorizes the Secretary to sell timber and timber products, with the net proceeds to be deposited in the United States Treasury to the credit of the Red Lake Indians, and to draw interest at the rate of four percent. The Secretary was given permission to spend the interest in a manner that was advantageous to the Red Lake Indians. The principal could be spent only after the approval of Congress. The Act specifically authorized the Secretary to construct and operate sawmills with the consent of Congress.
 
 
 4
 Pursuant to the Act, Congress authorized the construction of a sawmill and, from time to time, authorized payment of the proceeds of the operation of the mill to individual members of the Red Lake Band.
 
 
 5
 In 1956 and 1958, Congress liberalized the provisions of the 1916 Act to give the Secretary of Interior greater freedom in the operation of the mill, and provided for future per capita payments to Tribe members without further congressional action. Act of August 3, 1956, ch. 927, 70 Stat. 982; Act of August 28, 1958, 72 Stat. 958. The mill operated in a reasonably successful manner until the early 1980's. At about that time, problems arose, and, in August of 1983, the Tribe commenced an action against the Superintendent of the Red Lake Agency and the Director of the Minneapolis Area Office of the Bureau of Indian Affairs (BIA). In essence, the plaintiff contended that the BIA had not given a suitable accounting of the trust funds used to operate the mill from 1977 through 1981. The district court held hearings on the matter in 1983, 1984, and 1985. Among the orders issued by the court as a result of those hearings was an order requiring that a committee be formed to seek out an experienced and qualified manager for the mill. For one reason or another, this committee has never completed its work. Meanwhile, the mill closed in August of 1984, and has not resumed operations.
 
 
 6
 In May of 1985, the Tribe filed a motion with the district court seeking a status conference. Ultimately, the district court ordered the BIA to pay in excess of $800,000 held by the Secretary in the sawmill account to the tribal trust account. The court also appointed a master to supervise negotiations between the parties and to assist them in reaching agreement on the future utilization of the timber resources on the reservation, and determining whether the sawmill should continue to be operated; and if so, under what terms and conditions.
 
 
 7
 The Area Director of the Minneapolis Area Office, the Superintendent of the Red Lake Agency, and the BIA appeal from the district court's May 30, 1985, order requiring it to transfer over $800,000 to the tribal trust account. They ask us to remand the matter to the district court, and direct it to make findings of fact and conclusions of law supporting its decision.
 
 
 8
 II. DISCUSSION.
 
 
 9
 We find merit in the appellants' view that the district court's order is devoid of factual findings and legal justifications for its decision. We thus remand to the district court with directions to prepare adequate findings of fact and conclusions of law. See Fed.R.Civ.P. 52; Talley v. United States Postal Service, 720 F.2d 505, 508 (8th Cir.1983). We will retain jurisdiction of the matter pending the decision on remand.
 
 
 10
 The district judge that decided this case has resigned from the court. The matter will thus have to be reassigned to another district judge. The newly assigned judge should feel free to take additional evidence, and to make whatever decision it considers appropriate. When the findings of fact and conclusions of law are prepared, they will be promptly submitted to this Court on the request of either party. Thereafter, each party will have thirty days to submit a supplementary brief with respect to the findings and conclusions of the district court. In the interim, the master appointed by the district court is directed to continue to supervise negotiations between the parties with respect to the future use of the Tribe's timber resources and with respect to the operation of the sawmill.
 
 
 11
 Remanded to the district court for action consistent with this opinion.
 
 
 
 *
 The Honorable HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation