RED LAKE BAND OF CHIPPEWA IN-
DIANS, Red Lake, Minnesota, and Rog-
er A. Jourdain, Chairman, Red Lake,
Minnesota, Appellees,

v.

Earl J. BARLOW, Area Director, Minne-
apolis Area Office, and Rex Mayotte,
Superintendent, Red Lake Agency, Bu-
reau of Indian Affairs, United States
Department of Interior, Appellants.

RED LAKE BAND OF CHIPPEWA IN-
DIANS, Red Lake, Minnesota, and Rog-
er A. Jourdain, Chairman, Red Lake,
Minnesota, Appellants,

v.

Earl J. BARLOW, Area Director, Minne-
apolis Area Office, and Rex Mayotte,
Superintendent, Red Lake Agency, Bu-
reau of Indian Affairs, United States
Department of Interior, Donald Hodel,
Secretary of Interior, U.S. Department
of Interior, Appellees.

Nos. 85–5272, 87–5188.

United States Court of Appeals,
Eighth Circuit.

May 2, 1988.

Rodney E. Edwards, Duluth, Minn., for appellants.

Jerome G. Arnold, U.S. Atty., Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., for appellees.

Before HEANEY and FAGG, Circuit Judges, and WOODS,* District Judge.

## ORDER

The Secretary of the Interior petitions this Court for modification of the opinion in *Red Lake Band of Chippewa Indians v. Barlow*, 834 F.2d 1393 (8th Cir.1987).[1] In that opinion we interpreted a 1916 Act of Congress which created a trust account to be managed by the Secretary for the operation of a sawmill on the Red Lake Indian Reservation. We instructed the district court to hold an evidentiary hearing to determine whether the sawmill or some other forest products business was a viable enterprise. If it was not, the district court was to order the funds in the sawmill account transferred to another account managed by the Secretary for the Band's general welfare.

The Secretary contends that this Court erred (1) in its interpretation of the 1916 Act, and (2) in remanding this matter to the district court for *de novo* factual findings instead of the Secretary. We adhere to our interpretation of the 1916 Act for the reasons stated in the panel opinion. We agree, however, with the Secretary that he should make the initial findings with regard to the viability of a forest products business on the Red Lake Reservation. We thus alter our opinion for the reasons stated below.

 The Secretary raises the issue of a remand to the agency for the first time on this rehearing motion. He argues that the district court would be without jurisdiction to make the factual findings we instructed it to make. Specifically, he contends that the waiver of sovereign immunity in 5 U.S.C. § 702, relied upon by the panel to find jurisdiction in this case, exists only to allow review of a final agency decision, which he claims the agency has not made here. He further contends that such review must be done pursuant to the Administrative Procedure Act. 5 U.S.C. §§ 701–06.

The Secretary has rendered a final decision in this case. That decision was to refuse to transfer funds from the sawmill account to the Band's general account. The Secretary has adopted this decision as his final decision by failing to object earlier to judicial review. The Secretary participated in informal negotiations before the district court regarding the Red Lake Sawmill after the Band filed a complaint on August 3, 1982. The Secretary did not claim that these negotiations were improper due to the absence of a final decision. Nor did he appeal on any ground any order issued by the district court until the district court entered its order of May 30, 1985, requiring the transfer of funds from one account to another. The Secretary did not argue to this Court for a remand to him for factual findings. Nor did he argue on remand to the district court that this matter should be remanded to the Secretary for findings.[2] The Secretary must be deemed

---

* The Honorable HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. In an order dated May 20, 1987, we consolidated the Secretary's appeal, No. 85–5272, with a subsequent appeal by the Red Lake Band, No. 87–5188, and vacated the briefing schedule in the Band's appeal, No. 87–5188. For this rea-son, we have addressed in our opinion and this order the issues in both appeals.

2. The Secretary only contended that he had not made a final decision with regard to per capita distribution of the money in the sawmill account as permitted by the 1916 Act. It is clear, however, that the Band sought a transfer of

to have made a final decision on the question of the transfer of the trust funds by not raising the question of finality during the initial stages of litigation. *See Weinberger v. Salfi,* 422 U.S. 749, 767, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975).

■ Contrary to the Secretary's second argument, the waiver of sovereign immunity contained in section 702 is not dependent on application of the procedures and review standards of the APA. It is dependent on the suit against the government being one for non-monetary relief. *See Merrion v. Jicarilla Apache Tribe,* 617 F.2d 537 (10th Cir.1980) (en banc), *aff'd,* 455 U.S. 130, 102 S.Ct. 894, 71 L.Ed.2d 21 (1982) (suit against the Secretary of the Interior for non-monetary relief properly brought in district court under 5 U.S.C. § 702). Thus, we see no impediment in section 702 to judicial review of the administrative action in this case.[3] *See Assiniboine and Sioux Tribes v. Board of Oil and Gas Conservation,* 792 F.2d 782, 793 (9th Cir.1986).

■ We do, however, find force in the Secretary's assertion that a determination of the viability of a forest products business is a matter requiring technical expertise, well-suited for administrative decision-making. On the basis of the doctrine of "primary jurisdiction," we hold that the Secretary, rather than the district court, should conduct the evidentiary hearing we discussed in the panel opinion. *See Red Lake Band,* 834 F.2d at 1399–1400.

Despite the name, the doctrine of primary jurisdiction does not involve jurisdictional questions. It is a common law doctrine used to coordinate administrative and judicial decisionmaking. *Mashpee Tribe v. New Seabury Corp.,* 592 F.2d 575, 580 (1st Cir.), *cert. denied,* 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 90 (1979). Thus, "[w]hen a court and an agency have concurrent jurisdiction to decide a question, the most common reason for a court to hold that the agency has primary jurisdiction is that the judges, who usually deem themselves to be relatively the generalists, should not act on a question until the administrators, who may be relatively the specialists, have acted on it." K. Davis, Administrative Law Treatise, § 22:1 (1983). This reasoning is applicable to the suit presently before us.

We realize that neither party has raised the issue of primary jurisdiction up to this point. It is well established, however, that its invocation cannot be waived by the failure of the parties to argue it, "since the doctrine exists for the proper distribution of power between judicial and administrative bodies and not for the convenience of the parties." *Distrigas of Massachusetts Corp. v. Boston Gas Co.,* 693 F.2d 1113, 1117 (1st Cir.1982).

■ We are also aware that the doctrine should be invoked sparingly, as it often results in "added expense and delay." *United States v. McDonnell Douglas Corp.,* 751 F.2d 220, 224 (8th Cir.1984) (quoting *Mississippi Power & Light Co. v. United Gas Pipeline Co.,* 532 F.2d 412, 419 (5th Cir.1976), *cert. denied,* 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977)). The litigation here has been protracted. Nonetheless, we do not believe allowing the Secretary to make the initial factual decisions will unduly delay matters. In fact, the more informal administrative decisionmaking process may be more expeditious. To assure that the Secretary reaches a decision promptly, the district court shall retain jurisdiction over this matter and monitor its

funds from one account to another, not a per capita distribution.

**3.** The question of justiciability is another matter. Neither the Secretary nor the courts, however, have raised that as an impediment to review in this case. In his petition the Secretary states that he did not do so because he considered the suit by the Band to be "in essence, a suit for money." This interpretation of the suit, however, is clearly in error. By the time this suit reached this Court the first time, *see Red Lake Band of Chippewa Indians v. Barlow,* 787

F.2d 1235 (1986) (per curiam), the Band clearly was seeking to uphold the district court's order transferring the proceeds from the sawmill account to the Band's general trust account. Both of those accounts are trust accounts managed by the Secretary. Thus, this clearly was a non-monetary action, and the Secretary understood it as such. *See Red Lake,* 834 F.2d at 1399 (quoting Secretary's statement which indicates that the Secretary understood this suit to be one for an *injunction,* not money damages).

progress. Such a course is permissible given the facts of this case and the flexible nature of the doctrine of primary jurisdiction. *Cf. Distrigas of Massachusetts Corp.*, 693 F.2d at 1119 (appeals court invoked the doctrine of primary jurisdiction to permit agency to submit views through an amicus brief).

We therefore adhere to our earlier decision requiring the remand of this matter to the district court. We modify our opinion by directing the district court to require the Secretary to conduct the evidentiary hearing to determine the viability of a forest products business on the Red Lake Reservation.[4] The Secretary shall submit its finding to the district court. The district court shall review the Secretary's findings in accordance with the Administrative Procedure Act.

Trev E. Peterson, Lincoln, Neb., for appellant.

Joseph H. Badami, Lincoln, Neb., for appellees.

---

4. We note that Congress recently appropriated $50,000 for sawmill operations on the Red Lake Reservation. *See* Continuing Appropriations Bill, Pub.L. No. 100–202, 101 Stat. 1329 (December 22, 1987), and H.R. No. 100–498, 100th Cong., 1st Sess. 887, 890–91.