**ZUREK EXPRESS, INC., Plaintiff,**

v.

**INTERMETRO INDUSTRIES CORPORATION,**
**Defendant.**

**No. Civ. 3–90–613.**

United States District Court,
D. Minnesota,
Third Division.

Oct. 29, 1991.

Thomas E. Wolff and Dawn M. Parsons, Snelling, Christensen & Briant, Edina, Minn., for plaintiff.

Brent W. Primus, Minneapolis, Minn., and William Augello, Augello, Pezold & Hirschmann, Huntington, N.Y., for defendant.

MEMORANDUM OPINION
AND ORDER

DEVITT, District Judge.

Introduction

Plaintiff Zurek Express, Inc. (Zurek) commenced this action against defendant Intermetro Industries Corp. (Intermetro) to recover $130,771.02 in freight undercharges it alleges are owed by Intermetro. The

cause is before the court upon motions of both parties. Intermetro moves the court to refer this matter to the Interstate Commerce Commission (ICC) for a determination of the reasonableness of the filed or tariff rates which Zurek seeks to impose upon Intermetro and stay all proceedings pending ICC review. Zurek moves the court to enter summary judgment in its favor. For the reasons set forth below, the court will grant Intermetro's motion to refer this matter to the ICC for a determination of the reasonableness of the tariff rates sought to be charged by Zurek. The court will deny Zurek's summary judgment motion.

## Background

Intermetro manufactures materials handling equipment, shelving, racks, and related products. Zurek is a motor common carrier and provided transportation services to Intermetro from approximately June, 1987 until June, 1990. All tolled, this action concerns some 768 shipments of goods transported for Intermetro by Zurek.

At the time the parties began negotiating upon terms of a shipment agreement, Zurek participated in the Middlewest Motor Freight Tariff Bureau MWB 550 (Bureau) class rates. Zurek and Intermetro agreed that Intermetro would receive a thirty five percent discount from the Bureau rates.[1] It was Zurek's practice to offer other shippers a similar discount. Consistent with Intermetro's request, Zurek charged Intermetro the Bureau rate for each shipment. At the end of each month, Zurek tallied the amount charged to Intermetro for freight shipments and issued Intermetro a check for thirty five percent of the total amount charged[2].

After agreeing upon terms of shipment, Zurek provided Intermetro with copies of a tariff page embodying the terms of the discount provision. Zurek was to have filed a copy of the tariff page with the ICC but failed to do so.

## Discussion

The court first addresses Intermetro's motion to refer this action to the ICC for a determination of the reasonableness of the tariff rates which Zurek contends apply here. In defense of this action, Intermetro alleges the tariff rates are unreasonable. Intermetro argues that the ICC has primary jurisdiction to determine the reasonableness of a carrier's rates and, relying upon several decisions from this district, asserts that referral to the ICC is necessary here. Zurek responds that Intermetro's allegations of rate unreasonableness are not a defense in a freight undercharge action and that Intermetro has failed to put forth any evidence tending to show the filed rates are unreasonable. Zurek attempts to distinguish the parochial cases relied upon by Intermetro.

The court may readily dispose of Zurek's contention that allegations of rate unreasonableness do not constitute a defense to a freight undercharge action. In *Sharm Express, Inc. v. 7/24 Freight Sales, Inc.*, 122 B.R. 999, 1004 (D.Minn.1991), Judge MacLaughlin ruled that rate unreasonableness may be raised as a defense in a freight undercharge collection action. Judge MacLaughlin's opinion is thorough and well-reasoned, and the court follows it. *See also Sharm Express, Inc. v. Twin Modal, Inc.*, No. 4–91–CV–32, slip op. at 5, 1991 WL 156573 (D.Minn. August 7, 1991) (Rosenbaum, J.); *Certified Carriers of America, Inc. v. Norwesco, Inc.*, No. 4–90–CV–156, slip op. at 8–10, 1990 WL 284504 (D.Minn. December 11, 1990) (Doty, J.).

The court next considers whether reference of this action to the ICC under the doctrine of primary jurisdiction is appropriate. Primary jurisdiction "is a common law doctrine used to coordinate administrative and judicial decisionmaking." *Red Lake Band of Chippewa Indians v. Barlow*, 846 F.2d 474, 476 (8th Cir.1988). The doctrine should be invoked when "the reasons for the existence of the doctrine are present and ... the purposes it serves will be aided by its application in the particular litigation." *United States v. McDonnell Douglas Corp.*, 751 F.2d 220, 224 (8th Cir.1984) (quoting *United States v. West-*

---

1. The discount was increased to forty five percent in April, 1989.

2. The parties referred to this as a "loading allowance."

*ern Pacific Railroad Co.,* 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956)). In particular, the court should invoke the doctrine of primary jurisdiction if the expertise of the agency would contribute meaningfully toward securing uniform and consistent regulation of business. *Western Pacific Railroad,* 352 U.S. at 64–65, 77 S.Ct. at 165–166 (quoting *Far East Conference v. United States,* 342 U.S. 570, 574–75, 72 S.Ct. 492, 494–95, 96 L.Ed. 576).

█ With respect to the specific issue of motor carrier tariff reasonableness, our Eighth Circuit Court of Appeals has intimated that referral to the ICC is entirely appropriate. *See Inman Freight Systems, Inc. v. Olin Corp.,* 807 F.2d 117, 119 (8th Cir.1986). Three recent decisions within the District of Minnesota also shed light upon this issue and hold uniformly that the focal point of the inquiry is whether the party challenging reasonableness has presented sufficient evidence of rate unreasonableness to warrant referral. In *7/24 Freight, supra,* the defendant's sole evidence of rate unreasonableness was that the tariffs sought to be charged by the plaintiff exceeded the rates charged by other carriers by fifty percent. *Id.,* 122 B.R. at 1005. Judge MacLaughlin held:

> the technical question of whether plaintiff has introduced sufficient evidence of unreasonableness is a matter left to the expertise of the ICC, at least in the first instance, and the Court will not preclude defendant from raising the defense before the ICC based on the state of its proof at this point.

*Id.* at 1005. Evidently, Judge MacLaughlin based his decision, in part, upon the fact that plaintiff had not enjoyed the opportunity to conduct discovery on the issue of rate reasonableness. *Id.* at 1004–05. In a subsequent decision, *Sharm Express, Inc. v. LaSalle–Deitch Co., Inc.,* 127 B.R. 620 (D.Minn.1991), Judge Murphy held that a shipper who (1) does not allege rate unreasonableness during an initial referral to the ICC and (2) fails entirely to present evidence to support an allegation of rate unreasonableness other than to argue the challenged rate is "unreasonable on its face," is not entitled to ICC referral. *Id.* at 622–24. In Judge Murphy's view:

> Allowing [defendant] to resist withdrawal of reference from the ICC by a mere incantation of the doctrine of primary jurisdiction would be tantamount to allowing the doctrine to become "an abstraction to be called into operation at the whim of the pleader." *Western Pacific, supra,* 352 U.S. at 69, 77 S.Ct. at 168.

*Id.* 127 B.R. at 624. Finally, in *Twin Modal, supra,* Judge Rosenbaum declared that affidavit testimony tending to show a significant disparity between the tariff rates sought to be charged and the rates charged by other carriers is sufficient to justify referral to the ICC. *Id.* at 6; *see also Canny Trucking, Inc. v. Anitec Image Corp.,* 89–CV–1115, 1991 WL 117793 (N.D.N.Y. June 24, 1991) (where evidence presented more than "bald conclusory assertions" of rate unreasonableness, referral to ICC appropriate).

Here, Intermetro submits the affidavit testimony of Bruce D. Hocum (Hocum), an expert in the field of motor carrier rates. In his affidavit, Hocum concludes the tariff rate sought to be applied by Zurek is unreasonable. Hocum reaches this conclusion by comparing the rates originally negotiated between Zurek and Intermetro with the tariff rates Intermetro seeks to have applied here. Hocum also examined the rates which Zurek charged other shippers similarly situated to Intermetro. This case is thus similar to *7/24 Freight* and *Twin Modal* and distinguishable from *Sharm Express* as Intermetro has presented probative evidence of rate unreasonableness. The court will, therefore, refer this matter to the ICC for a determination of whether the Bureau rates Zurek seeks to apply are reasonable.

## ORDER

Based upon the foregoing, and all the files and arguments of counsel, IT IS ORDERED that:

1. Plaintiff Zurek Express, Inc.'s motion for summary judgment is DENIED;

2. This matter is referred to the Interstate Commerce Commission for a determination of the rate reasonableness issue;

3. All proceedings in this action before this court are stayed pending resolution of the issues which have been referred to the Interstate Commerce Commission.