In the Matter of BROWN TRANSPORT TRUCKLOAD, INC., Brown Transport Corp., Thurston Motor Lines, Inc., Debtors.

Robert E. BRIZENDINE, Trustee on Behalf of the Bankruptcy Estate of Brown Transport Truckload, Inc., Brown Transport Corp., and Thurston Motor Lines, Inc., Plaintiff,

v.

SOUTHERN WIPERS, INCORPORATED, Defendant.

Bankruptcy Nos. A89–12515–WHD, A89–12517–WHD and A89–12521–WHD.

Adv. No. 91–6954A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 25, 1992.

Bruce Mitchell, Mitchell & Hersh, P.C., Atlanta, Ga. (George Carl Pezold, Augello, Pezold & Hirschmann, P.C., Huntington, N.Y. of counsel), for defendant.

T. Gordon Lamb, Lamb & Associates, Atlanta, Ga. (Frank W. Scroggins, Scroggins & Brizendine, Atlanta, Ga., David G. Sperry, Independence, Mo., of counsel), for plaintiff.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on Motion for Reconsideration, filed in the above-referenced adversary proceeding by Southern Wipers, Inc. ("Defendant"). This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A). The following constitutes the Court's Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On October 31, 1989, Brown Transport Corp., et al. ("Brown") filed for bankruptcy protection under Chapter 11. Prior to the bankruptcy petition, Brown operated a trucking company, authorized to do business in interstate commerce pursuant to the rules and regulations of the ICC. Brown is authorized to operate as both a

motor contract carrier and a motor common carrier. Brown, in its capacity as a motor carrier, transported approximately 257 shipments for Defendant during the period from January 5, 1988 through September 21, 1989.

On October 31, 1991, Robert E. Brizendine, the Trustee for the debtors in this proceeding, Brown Transport Corp., et al. ("Plaintiff"), filed a Complaint against Defendant for Turnover of Property and for Money Judgment. The claim arose out of transportation services which were provided for Defendant. In the claim, Plaintiff sought to recover undercharges which were owed for transportation services provided for Defendant. Specifically, Plaintiff sought to recover the difference between its tariff rates filed with the Interstate Commerce Commission ("ICC") and the lower rate in which Defendant paid in full. 49 U.S.C. §§ 10761(a) and 10762. The requirements of § 10761(a) often is referred to as the filed rate doctrine. The original freight charges given to Defendant were issued showing a 52% discount from the class rates with a minimum charge floor of $33.00.

On April 3, 1992, Plaintiff filed a Motion for Summary Judgment, asserting that Brown is entitled to collect the full tariff rate filed with the ICC as a matter of law. *See* 49 U.S.C. § 10761(a). According to an Affidavit submitted by Stephen L. Swezey ("Swezey"), the amount of the undercharges owed to Brown's estate is $7,855.41. Swezey alleges that the discounts given to Defendant did not apply since it was not published in a tariff on file with the ICC. Swezey also alleges that the applicable tariffs were ICC Thur 650, which provides for a 30% discount, and BRNT 105 and BRNT 502, which provide for no discount. Additionally, Plaintiff asserts that Defendant is liable for prejudgment interest.

On April 17, 1992, Defendant filed a response to Plaintiff's Motion for Summary Judgment and a Cross Motion for Reference to the ICC. In the response, Defendant contends Plaintiff is applying other tariffs which do not provide for a 52% discount in the original freight charges.

According to an Affidavit submitted by Bruce D. Hocum ("Hocum"), the Brown tariff ICC BRNT 622, Items 200 and 4052, applies to all of the freight charges in this suit. The provisions of Item 4052 allow for a 52% discount, and the provisions of Item 200 provides for a minimum floor of $35.00 per shipment. In Defendant's Motion for Referral to the ICC, Defendant asserts that the ICC has primary jurisdiction to determine issues of tariff construction and application. Defendant also asserts that the issue of rate reasonableness with respect to Brown's file rates is in the primary jurisdiction of the ICC. According to Hocum, the discounts set forth in the original freight bills were at the then prevailing market rate.

On June 30, this Court entered an Order which denied both Defendant's Motion for Referral to the ICC and Plaintiff's Motion for Summary Judgment. In denying Defendant's motion to refer to the ICC, this Court concluded that rate reasonableness may not be used as defense in a proceeding to collect the filed rate. This Court also declined to refer the issues involving rate applicability to the ICC. In the Order entered on June 30, 1992, this Court denied Plaintiff's Motion for Summary Judgment because of a material issue of fact with respect to the applicable rate to be applied to the shipments.

On July 17, Defendant filed a Motion for Reconsideration, asking this Court to reconsider its Order and Judgment entered on June 30, 1992. Defendant bases its motion on a recent decision by the Fifth Circuit Court of Appeals which overruled its prior position and found rate reasonableness to be an affirmative defense in a proceeding to collect the filed rate. *Advanced United Expressways, Inc. v. Eastman Kodak Co.*, 965 F.2d 1347 (5th Cir. 1992). Defendant also requests that this Court reconsider its disposition of the issues involving the applicable tariff rate.

Plaintiff filed a Response in Opposition to Defendant's Motion for Reconsideration on July 30, 1992. In its response, Plaintiff maintains that the statutory remedy of reparations remains the only remedy available

to a shipper when contesting the unreasonableness of rates. Plaintiff relies on previous decisions by the Fifth Circuit which have held that rate reasonableness is not a valid defense in a proceeding to collect the filed rate. *See Supreme Beef Processors, Inc. v. Yaquinto (In re Caravan Refrig. Cargo, Inc.)*, 864 F.2d 388 (5th Cir.1989), *cert denied*, — U.S. ——, 110 S.Ct. 3254, 111 L.Ed.2d 763 (1990); *Southern Pacific Holding Trans. Co. v. San Antonio, Tex.*, 748 F.2d 266 (5th Cir.1984).

## CONCLUSIONS OF LAW

### I. Motion for Reconsideration

Based on the recent decision by the Fifth Circuit in *Eastman Kodak*, Defendant contends that this Court must reconsider its Order entered on June 30, 1992, which rejected rate reasonableness as a defense. In rejecting rate reasonableness as a defense, this Court relied on decisions by the Fourth and Fifth Circuits which held that shippers must pay undercharges based on the filed rate and then raise the reasonableness of the filed rate in a separate statutory reparations action. *Cooper v. Delaware Valley Shippers (In re Carolina Motor Express, Inc.)*, 949 F.2d 107, 110 (4th Cir.1991), *cert. granted*, — U.S. ——, 112 S.Ct. 1934, 118 L.Ed.2d 541 (1992); *Caravan*, 864 F.2d at 389–393.

Recently, the Fifth Circuit reversed its holding in *Caravan* by allowing the defense of rate reasonableness in a proceeding to collect the filed rate. *Eastman Kodak*, 965 F.2d at 1352. The court in *Eastman Kodak* reasoned that "any issue raised concerning reasonableness obviously would require a determination before the judgment in the case; consequently, unreasonableness of the rate necessarily is a proper defense to raise against the collection of the undercharges." *Id.* In addition to the Fifth Circuit's change of heart, the Ninth Circuit, in *Milne Truck Lines, Inc. v. Makita U.S.A., Inc.*, 970 F.2d 564, 570–71 (9th Cir.1992), now holds that rate reasonableness is a defense in a proceeding to collect the filed rate, and that the issue of rate reasonableness should be referred to the ICC.

The Eleventh Circuit has yet to rule on whether rate reasonableness constitutes a defense in a proceeding to collect the filed rate. Since there is no controlling authority in the Eleventh Circuit on this issue, this Court relied in part on the Fifth Circuit's holding in *Caravan* which rejected rate reasonableness as a valid defense to an undercharge claim. After the recent decisions in *Eastman Kodak* and *Milne*, this Court notes that only one circuit, the Fourth Circuit, holds that rate reasonableness cannot be raised as a defense in an undercharge action. Notwithstanding Plaintiff's objections, this Court finds that it is proper to reconsider its own Order entered on June 30, 1992, concerning the issue of rate reasonableness. Additionally, this Court will reconsider the issues of rate applicability in light of the decision in *Eastman Kodak*. A proper reconsideration of this Court's Order entered on June 30, 1992, includes a thorough examination of the Fifth Circuit's conclusion in *Eastman Kodak*.

### II. Rate Reasonableness

Defendant has requested that this Court refer the issue of rate reasonableness to the ICC. The doctrine of primary jurisdiction "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." *United States v. Western Pac. R.R. Co.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). There is no set formula for invoking the doctrine of primary jurisdiction, and the courts must undertake a case-by-case analysis into the reasons for applying the doctrine. *Id.* The reasons include "promotion of statutory and regulatory construction, and utilization of the agency's specialized knowledge." *Atlantis Express, Inc. v. Standard Transp. Services*, 955 F.2d 529, 532 (8th Cir.1992).

The Supreme Court has recognized that "the filed rate is not enforceable if the ICC finds the rate to be unreasonable." *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. 116, ——, 110 S.Ct. 2759, 2767, 111 L.Ed.2d 94. The Supreme Court in *Maislin* also indicated that the jurisdiction to determine rate reasonableness is vested with the ICC: "[t]he [Interstate Commerce] Act altered the common law by lodging in the Commission the power theretofore exercised by courts, of determining the reasonableness of a published rate." *Maislin*, 497 U.S. at ——, 110 S.Ct. at 2767 (quoting *Arizona Grocery Co. v. Atchison, T. & S. F. R. Co.*, 284 U.S. 370, 384, 52 S.Ct. 183, 184, 76 L.Ed. 348 (1932)). Thus, the question of rate reasonableness should be properly decided by the ICC. Since the issue of rate reasonableness is within the primary jurisdiction of the ICC, Defendant argues that this issue must be referred to the ICC.

The question now becomes when should the ICC decide the issue of rate reasonableness. Defendant contends that rate reasonableness constitutes a defense to an undercharge claim which seeks to collect the filed rate. Moreover, Defendant argues that the issue of rate reasonableness, as a defense to an undercharge claim, should be referred to the ICC while the judicial proceeding is stayed pending the outcome of the rate reasonableness defense. Thus, it is necessary for this Court to determine when the ICC should determine whether a filed rate is reasonable.

The circuit courts currently are split on the issue of when the ICC should determine whether a filed rate is reasonable. The Fourth Circuit remains the only circuit to conclude that shippers must pay the undercharges based on the filed rates and then raise the reasonableness of the filed rates in a separate reparations action. *Cooper v. Delaware Valley Shippers (In re Carolina Motor Express, Inc.)*, 949 F.2d 107, 110 (4th Cir.1991), *cert. granted,* —— U.S. ——, 112 S.Ct. 1934, 118 L.Ed.2d 541 (1992). The court in *Carolina Motor Express* noted that the issue of rate reasonableness is not foreclosed since shippers may bring a statutory reparations action

either before or after the undercharge suit. *Carolina Motor Express*, 949 F.2d at 110.

With the recent decisions by the Fifth and Ninth Circuits, the overwhelming majority of circuits recognize the defense of rate reasonableness in a proceeding to collect the filed rate. *Milne*, 970 F.2d at 570–71; *Eastman Kodak*, 965 F.2d at 1352; *Atlantis Express*, 955 F.2d at 536 (allowing shipper the right to raise rate reasonableness as an adequate defense in situations where the shipper no longer has an adequate reparations remedy); *Duffy v. BMC Industries, Inc.*, 938 F.2d 353, 357 (2nd Cir.1991) (allowing shipper the right to raise rate reasonableness as an adequate defense where carrier did not bill the shipper more than two years after the shipments, which is beyond the two-year statute of limitations governing the reparations remedy); *Delta Traffic Service, Inc. v. Transtop, Inc.*, 902 F.2d 101, 104–106 (1st Cir.1990) (allowing shipper the right to raise rate reasonableness as an adequate defense in a carrier's suit to collect the filed rate); *Western Transp. Co. v. Wilson and Co., Inc.*, 682 F.2d 1227, 1231–1232 (7th Cir.1982); *Branch Motor Express Co. v. Caloric Corp.*, 914 F.2d 241 (3rd Cir. 1990) (implicitly recognizing a rate reasonableness defense, but denying ICC referral because the shipper failed to introduce any evidence of unreasonableness). By recognizing the rate reasonableness defense, the circuit courts each stayed the judicial proceeding and referred the issue of rate reasonableness to the ICC.

In overturning its prior decision in *Caravan*, the Fifth Circuit focused on the Supreme Court's language in *Maislin.* In *Maislin*, the Supreme Court recognized that § 10701 governs the reasonableness of rates files by carriers with the ICC. *Maislin*, 497 U.S. at ——, 110 S.Ct. at 2767. Following the Supreme Court's observation that the filed rate is not enforceable if the rate is unreasonable, the Supreme Court stated that the issue of rate reasonableness is open for exploration on remand. *Eastman Kodak*, 965 F.2d at 1352 (citing *Maislin*, 497 U.S. at ——, n. 10, 110 S.Ct. at 2767, n. 10). In its interpretation of *Mais-*

*lin,* the Fifth Circuit court reasoned that "any issue raised concerning reasonableness obviously would require a determination before the judgment in the case; consequently, unreasonableness of the rate necessarily is a proper defense to raise against the collection of the undercharges." *Eastman Kodak,* 965 F.2d at 1352.

■ This Court finds the Fifth Circuit's reasoning in *Eastman Kodak* to be persuasive. The Supreme Court's language in *Maislin* strongly suggests that rate reasonableness is a valid defense in a proceeding to collect the filed rate. Moreover, this Court finds that it is appropriate for the issue of rate reasonableness to be decided prior to judgment in the present case. Under 49 U.S.C. §§ 11705(b)(3) and 11706(c)(2), shippers have a statutory right to seek reparations for unreasonably high rates charged by carriers. The First Circuit in *Delta Traffic* reasoned that since shippers have a statutory right of reparations, shippers should also be able to assert the unreasonableness of rates as a defense in a suit by a carrier to recover the filed rate. *Delta Traffic,* 902 F.2d at 106. The Ninth Circuit in *Milne* agreed that shippers should be able to utilize a rate reasonableness defense by noting that the rate reasonableness defense "is a legitimate assertion of the shipper's statutory right not to pay the filed rate." *Milne,* 970 F.2d at 570–71. Thus, this Court holds that rate reasonableness may be asserted as a defense in a proceeding to collect the filed rate. Since the issue of rate reasonableness is within the primary jurisdiction of the ICC, this Court may now refer this issue to the ICC while the judicial proceeding is stayed pending the outcome of the ICC's decision.

This Court's holding is therefore in agreement with the holding by the district court for the Northern District of Georgia in *Advanced–United Expressways, Inc. v. Bard,* No. 89–CV–2149 (N.D.Ga. Dec. 12, 1990). In *Bard,* the district court determined that the issue of rate reasonableness is within the primary jurisdiction of the ICC and should be referred to the ICC for resolution. *Bard,* Slip op. at 3–5. In its

decision to refer the issue of rate reasonableness to the ICC, the court recognized that rate reasonableness is a defense against an undercharge claim.

■ This Court need not refer the issue of rate reasonableness to the ICC, however, "if there is no reasonable likelihood that the ICC will reach a determination favorable to the shipper." *Milne,* 970 F.2d at 570. To justify referral to the ICC, Defendant must make a threshold showing that the ICC could find the rates unreasonable. *Atlantis Express,* 955 F.2d at 537. The ICC has developed various factors for determining reasonableness of a filed rate which include relevant rate comparisons, a carrier's proffer of a particular rate, and whether the rate would have moved the traffic had it been assessed at the time the shipments took place. ICC, Ex Parte No. MC–177 (Sub–No. 2), *Petitions for Issuance of Rate Reasonableness and Unreasonable Practices Policy Statement,* 8 I.C.C.2d 61, 74–76 (Aug 15, 1991). This Court finds these factors highly probative of what evidence supports referral. The court in *Zurek Exp., Inc. v. Intermetro Industries Corp.,* 775 F.Supp. 1215, 1217 (D.Minn.1991), recognized that affidavit testimony tending to show a significant disparity between the filed rates sought to be charged and the rates charged by competing carriers also is sufficient to warrant referral to the ICC.

In the present case, Defendant submits an Affidavit by Hocum, an expert in the field of transportation rates. Hocum concludes in his Affidavit that the rates sought by Plaintiff to support the undercharge claim are unreasonable. Hocum reaches this conclusion by stating that the rates charged by competing carriers were similar to the rates originally charged by Brown. Hocum notes that the proffered rate on the original freight bills have proved adequate to move the shipments. The evidence presented by Norman conforms to the factors developed by the ICC and the decision in *Zurek.* Defendant has made a threshold showing that the ICC could find the rates sought to be charged by Plaintiff unreasonable. Defendant has

therefore presented this Court with sufficient evidence of rate unreasonableness to justify referral to the ICC.

### III. Rate Applicability

 In addition to the rate reasonableness issue, Defendant requests that this Court, in the interest of judicial economy, refer the tariff rate applicability issues to the ICC. Defendant reasons that referral of these issues will spare the parties the burden of having to litigate two actions.

"Issues involving tariff construction and application may be committed to the ICC, particularly if they involve terms of art, cost allocation, or extraordinary constructions of language." *Eastman Kodak*, 965 F.2d at 1357; *Coca–Cola Co. v. Atchison, Topeka & Santa Fe Ry. Co.*, 608 F.2d 213, 220 (5th Cir.1979). In *Eastman Kodak*, the court referred the issue of rate applicability to the ICC. The Fifth Circuit court reasoned that "the issue of reasonableness of the applicable tariff is inextricably linked to a prior determination of which tariff will govern the bills in issue." *Eastman Kodak*, 965 F.2d at 1353. In referring the issue of rate applicability to the ICC, the court noted the judicial economy of maintaining one action between two parties. *Id.* at 1353 n. 5.

This Court also finds that the issues of rate applicability must be referred to the ICC. As in *Eastman Kodak*, the prior determination of the applicable tariff rate on the shipments is linked to the determination of whether the tariff rate is reasonable. By referring the issues involving rate applicability to the ICC, this Court notes that the factual determination of which tariff governs the shipments in issue may require the special expertise of the ICC.

Accordingly, Defendant's Motion for Reconsideration is hereby GRANTED with respect to the rate reasonableness issue and the rate applicability issues.

This Court's Order, entered on June 30, 1992, is hereby VACATED.

Plaintiff's Motion for Summary Judgment is hereby DENIED. Defendant's Motion for Referral to the ICC is hereby GRANTED with respect to the rate reasonableness issue and the rate applicability issues.

The issues of rate reasonableness and rate applicability are hereby REFERRED to the ICC. All proceedings in this action are stayed pending resolution of the issues referred to the ICC.

IT IS SO ORDERED.