# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1420

_____

| | | |
|---|---|---|
| Yoram Raz, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Andy Lee, Sheriff of Benton County, | * | Western District of Arkansas. |
| | * | |
| Defendant, | * | |
| | * | |
| Robert M. Mueller, Director, Federal | * | [PUBLISHED] |
| Bureau of Investigations, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| Don Melton, Director, Arkansas | * | |
| State Police, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: August 7, 2003
Filed: September 16, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Yoram Raz appeals the district court's dismissal, on sovereign immunity grounds, of his constitutional action,  We reverse and remand.

Raz, a former Israeli citizen, filed a fee-paid complaint naming FBI Director Robert Mueller in his official capacity and claiming the FBI violated his "most fundamental Civil Rights."  According to Raz, the FBI continues to engage in what has been a 15-year "campaign of Surveillance, Operations and harassment" against him based on his "expression of certain unpopular political opinions" about the Israeli-Arab conflict.  Raz alleged FBI agents have placed monitoring stations near his residence; stalk him on a regular basis; issue "ALERTS" to local law-enforcement agencies so that he is immediately recognized wherever he goes; performed an illegal search of his Louisiana home in October 1998; tapped his telephones and planted electronic tracers in his car; have caused him to be ostracized by issuing "warnings" to stores and other businesses he frequents; initiated rumors throughout the community that Raz was a "spy" or "subversive element," which resulted in individuals breaking into his home, hog-tying him, and severely beating him; and turned many of his acquaintances into spies working against him.  Further, Raz alleged the FBI's surveillance activities caused him "stress" and "severe deterioration of health and premature aging"; severely limited his "ability to make new acquaintances and destroyed forever relationships between friends"; interfered with his ability to re-marry and procreate as the ongoing surveillance scares away potential dates; made it nearly impossible to find employment; forced him to relocate several times; and caused him severe bodily injuries.  Raz sought an injunction prohibiting Director Mueller and the FBI from continuing their violations of his constitutional rights.

Having reviewed the record and appellate briefs, we conclude the district court should not have dismissed Raz's fee-paid complaint based on sovereign-immunity grounds.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can

-2-

prove "no set of facts" in support of claim which would entitle him to relief); Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995) (de novo review of sovereign immunity).

We conclude that Raz's cumulative allegations present justiciable claims under the Constitution. See 28 U.S.C. § 1331 (district courts have jurisdiction over all civil actions arising under Constitution); Anderson v. Davila, 125 F.3d 148, 160-63 (3d Cir. 1997) (plaintiff stated viable claim against government where he alleged that government engaged in surveillance of him in retaliation for his exercise of First Amendment rights); Clark v. Library of Cong., 750 F.2d 89, 91-99 (D.C. Cir. 1984) (library worker investigated by FBI based solely on his political associations presented justiciable claim where worker alleged investigation caused him to lose employment opportunities). Further, the United States does not enjoy immunity from Raz's injunctive-relief action, because section 702 of the Administrative Procedure Act (APA) expressly waives sovereign immunity as to any action for nonmonetary relief brought against the United States. See 5 U.S.C. § 702 (action seeking relief other than money damages should not be dismissed on grounds that it is brought against United States); Black Hills Inst. of Geological Research v. S.D. Sch. of Mines & Tech., 12 F.3d 737, 740 (8th Cir. 1993) (citing Specter v. Garrett, 995 F.2d 404, 410 (3d Cir. 1993) (holding that § 702's waiver of sovereign immunity is not limited to cases brought under APA), rev'd on other grounds, 511 U.S. 462 (1994)), cert. denied, 513 U.S. 810 (1994); Red Lake Band of Chippewa Indians v. Barlow, 846 F.2d 474, 476 (8th Cir. 1988) (§ 702 waiver is not dependent on application of APA; § 702 waiver is dependent only on suit being against government and being one for nonmonetary relief); see also Presbyterian Church v. United States, 870 F.2d 518, 524-25 (9th Cir. 1989) (§ 702 waives sovereign immunity with respect to injunctive-relief action arising directly under Constitution).

Accordingly, we reverse the judgment of the district court and remand for further proceedings. We also deny the pending motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.